**Jim Allen HAYES, Respondent,**

v.

**PROGRESSIVE AUDIO ELECTRONICS, INC., Mark Barmann, and David Bramlett, Appellants.**

**No. WD 51648.**

Missouri Court of Appeals, Western District.

May 14, 1996.

Jeffrey Hensley, Kansas City, for appellants.

Jeffrey Tonkin, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and HANNA and SPINDEN, JJ.,

SPINDEN, Judge.

Mark Barmann and David Bramlett attack the circuit court's judgment awarding Jim Hayes $20,000 in his action for breach of contract, equity, and fraud as too indefinite to be enforceable. They complain that the judgment did not delineate their individual responsibilities or state on which of Hayes' three causes of action the judgment rested. We remand with instructions that the circuit court modify its judgment.

Hayes filed a three-count petition against Barmann and Bramlett and a defunct corporation, Progressive Audio Electronics, Inc. All three counts accused the defendants of reneging an agreement to rescind forfeiture of Progressive Audio's charter and to transfer one-third of the corporation's ownership interest to Hayes in exchange for Hayes' paying $20,000. Hayes labeled his

first count as a breach of contract action. He labeled his second count as "Money Had And Received," and the third count as an action for fraud. All three counts prayed for the same relief: a $20,000 money judgment against the defendants, jointly and severally, except for the fraud count which also asked for punitive damages.

After trial, the circuit court entered its judgment: "Judgment in favor of [plaintiff] Jim Hayes and against [defendants] Mark Barmann and David Bramlett, both individually, for $20,000.00 is ordered." Barmann and Bramlett complain that the judgment is too indefinite to be enforceable. They complained to the circuit court in their post-trial motion to modify the judgment, "[T]he judgment form did not identify the Count to which the judgment was to apply. Therefore, Defendants have no basis to evaluate their post-trial options." We agree. Because the circuit court rendered a general judgment, Barmann and Bramlett were not only uncertain of whether they were jointly and severally liable for the $20,000 award but whether their liability was based on contract, equity, or tort [1]—an issue which, if left unresolved, would greatly increase the difficulty of our review of the case on appeal.

 This illustrates the wisdom of the general rule that a general judgment is not proper in a case in which several causes are tried together. "Where several causes are tried and submitted together, it is not proper to render a general judgment, but separate judgments should be entered in the separate cases." 49 C.J.S. *Judgments* § 66 (1947).

We, therefore, remand the case to the circuit court with instructions that it modify its judgment to set out which cause of action was the basis for its award of $20,000 to Hayes. It shall also declare whether Barmann's and Bramlett's liability is joint and several. If the basis for the circuit court's ruling was for more than one cause of action, the circuit court shall issue a separate judgment for each cause of action.

LOWENSTEIN, P.J., and HANNA, J., concur.

---

1. Were this a tort action only, they would be deemed jointly and severally liable. *Kibbons v.* *Union Elec. Co.,* 823 S.W.2d 485, 490–91 (Mo. banc 1992).